The following is the judgment of the Court:
“This Court is of opinion, and doth decide, that the verdict which was written in Court is a nullity, because it was only agreed to by eleven jurors, the twelfth juror having retired from the Court before it was written and received, and that, therefore, the Superior Court ought to disregard the said verdict ; and the Court is further of opinion, that, in a Case of Felony,(b) after the verdict is rendered by the jury, and read in open Court, it is the duty of the Clerk to direct the jury to hearken to their verdict as the Court has recorded it, and then to repeat the verdict to them, and either to poll them, or to say to them, ‘ And so say you All,’ or words to that effect, in which latter case, if none of the jury express their dissent, the verdict ought to stand as recorded, and that until the assent of the jury is expressed in one of these ways, the jury has a right to retract ; and until after the assent of the jury is expressed as aforesaid, the verdict is not perfected : that the first verdict *74 rendered in this Case, was imperfect in these particulars, and therefore no judgment can be rendered on it.
The Court is further of opinion, that in Indictments for murder, it is necessary to aver that the person indicted, ‘of his malice aforethought’ killed and murdered the deceased : that these words ‘malice aforethought,’ cannot be supplied by others whose import may be the same : that although it is averred in this Case, that he did ‘feloniously, wilfully, and of his malice aforethought,’ give the mortal wound, and although in the conclusion the Indictment does aver, that he, ‘ in manner and form aforesaid, feloniously, wilfully, and maliciously did kill and murder,’ &c.; yet as the words ‘of malice aforethought,’ are not used in that conclusion, the Indictment in this Case cannot be supported as an Indictment for murder. This Court, however, declines deciding whether the Indictment would be good after verdict, by virtue of the Statute of Jeofails, passed in 1804, having already decided in this Case, that the verdict cannot stand. This Court is further of opinion, that the verdict being imperfect, it ought to be set aside, and a venire facias de novo awarded, and a new trial had of the prisoner, either on this Indictment, as an Indictment for man-slaughter, or on a new Indictment for murder:” which is ordered to be certified, &c.

 See Chitty's Cr. Law, 1st vol. p. 635-6.